UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

FEB 28 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

JOVICA PETROVIC,  )
                Plaintiff,  )
v.  ) Civil Action No. 19-0380 (UNA)
UNITED STATES OF AMERICA,  )
                Defendant.  )

## MEMORANDUM OPINION

According to the plaintiff, the federal district judge who presided over his criminal case and the appellate judges who affirmed his conviction violated rights protected under the First, Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. *See* Compl. at 1-2. The plaintiff has brought this action under the Federal Tort Claims Act demanding compensatory damages totaling $6,324,000,000.00. *See id.* at 13. The plaintiff's FTCA claim fails for two reasons. First, a plaintiff cannot pursue an FTCA claim against the United States unless he first had presented his claim to the appropriate federal agency and the agency had denied that claim. *See* 28 U.S.C. § 2401(b); *McNeil v. United States*, 508 U.S. 106, 111 (1993). This exhaustion requirement is jurisdictional, and absent any showing by the plaintiff that he exhausted his administrative remedies, the Court lacks jurisdiction over this matter. *See Abdurrahman v. Engstrom*, 168 F. App'x 445 (D.C. Cir. 2005). Second, while the FTCA is one example of an express waiver of the federal government's sovereign immunity, it does not expose the United States to liability for the commission of all torts, *see, e.g., Richards v.*

*United States*, 369 U.S. 1, 6 (1962). Because "the United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims," *FDIC v. Meyer*, 510 U.S. 471, 478 (1994), the Court lacks subject matter jurisdiction over the plaintiff's constitutional tort claims.

Furthermore, the Supreme Court instructs:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). The plaintiff does not demonstrate that his conviction or sentence has been reversed or otherwise invalidated, and, therefore, his claim for damages fails. *See, e.g., Johnson v. Williams*, 699 F. Supp. 2d 159, 171 (D.D.C. 2010), *aff'd sub nom. Johnson v. Fenty*, No. 10-5105, 2010 WL 4340344 (D.C. Cir. Oct. 1, 2010)

The Court will grant the plaintiff's application to proceed *in forma pauperis* and dismiss the complaint. An Order accompanies this Memorandum Opinion.

DATE: 2/27/09

_____
United States District Judge